# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB | )<br>) |
| Plaintiff, | )<br>) |
| | )   Case No. _____ |
| v. | )<br>) |
| SALLY JEWEL, in her official capacity as Secretary of the Interior, and JOSEPH PIZARCHIK, in his official capacity as director of the Office of Surface Mining, Reclamation and Enforcement | )<br>)<br>)<br>)<br>)<br>)<br>) |
| | )<br>) |
| Defendants. | ) |

## PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This is an action for declaratory judgement and injunctive relief against Defendants, Sally Jewel, in her official capacity as Secretary of the U.S. Department of the Interior, and Joseph Pizarchik, in his official capacity as Director of the U.S. Office of Surface Mining Reclamation and Enforcement. The action is brought under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("the FOIA") seeking disclosure and release of agency records improperly withheld from plaintiff Sierra Club.

### Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."

3. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

4. Plaintiff Sierra Club has exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

Parties

5. Plaintiff Sierra Club is a public interest environmental conservation group with interest in enforcing environmental laws and regulations. Sierra Club's activities include reviewing agency actions for compliance with environmental laws. Sierra Club requires access to public documents such as the documents requested for a meaningful review of agency activity. Sierra Club is a person as defined in the FOIA.

6. Defendant Sally Jewel is the Secretary of the U.S. Department of the Interior ("DOI"). The DOI is a department of the Executive Branch of the United States Government. It is an agency within the meaning of 5 U.S.C. § 552(f).

7. Defendant Joseph Pizarchik is the director of the U.S. Office of Surface Mining Reclamation and Enforcement ("OSM"). The OSM is a component agency of the DOI. It is an agency within the meaning of 5 U.S.C. § 552(f).

## Statutory and Regulatory Framework

8. An agency has 20 days from the receipt of a request under the FOIA to determine whether or not to produce documents in response to the request. The agency must notify the requester of its decision, and reasons therefore, immediately upon such determination. 5 U.S.C. 552(a)(6)(A)(1).

9. Upon a determination that an agency will produce documents it must make those documents "promptly available." 5 U.S.C. § 552(a)(6)(C)(i).

10. In the case of a determination adverse to the requester, the agency must immediately notify the person making such request of both the right to appeal, and the right to seek dispute resolution services from the FOIA Public Liaison of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

11. An agency's failure to properly respond within the 20-day time limit grants the requester access to the U.S. district courts to compel the agency to comply with the FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

12. An agency may stay court proceedings to compel a response only by demonstrating that "exceptional circumstances exist and that the agency is exercising due diligence in responding to the request." 5 U.S.C. § 552(a)(6)(C)(i). Exceptional circumstances do not include "predictable agency workload." *Id*. at § 552(a)(6)(C)(ii).

13. FOIA separately requires that "[e]ach agency shall . . . provide[] information about the status of a request to the person making the request," including "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii)).

14. The court may assess reasonable costs and fees, including attorney's fees against the United States incurred by any substantially prevailing party in a civil action under the FOIA.

## **Facts**

15. On September 19, 2016, Sierra Club submitted a FOIA request to the OSM, requesting records related to:

> (1) fugitive dust generated by coal-mining operations, including during the transportation of coal from or between coal-mining operations, in Tennessee since August 1, 2015; and
>
> (2) any guidance, policy statements, or any other documents setting forth procedures for the consideration of fugitive dust in Tennessee under the National Environmental Policy Act (NEPA).

16.     On October 5, 2016, twelve (12) business days after the Sierra Club's request, the OSM, by its agent, Julie Moore, the regional FOIA Officer for the Appalachian Region, timely replied to notify Sierra Club that the anticipated date of response was October 31, 2016, "due to the consultations required between field offices, the SOL [solicitor's office], and Headquarters."

17.     On October 31, 2016, twenty-nine (29) business days after Sierra Club's request, the OSM, by its agent, Julie Moore, notified Sierra Club that the OSM would not respond by the original date of October 31 "due to consultation with multiple offices and our solicitors." The OSM did not provide a new estimated date of response.

18.     On November 16, 2016, forty (40) business days after the initial request, Sierra Club requested a status update from OSM.

19.     On November 21, 2016, forty-three (43) business days after the original FOIA request and fourteen (14) business dates after the only estimated date of response provided by OSM, OSM informed the Sierra Club it had no status update to provide. The same day, Sierra Club informed OSM that "time is of the essence" for the public documents requested.

20.     On December 21, 2016, sixty-four (64) business days after its original request, Sierra Club again asked the OSM for an update.

21.     At the time of this filing, the OSM has not given Sierra Club a substantive response as to what documents it will or will not produce and has not provided an update on the status of Sierra Club's request since November 21, 2016.

## Claim for Relief

22.     Plaintiff incorporates by reference all allegations included in paragraphs 1 through 20 *supra*.

23. Defendants failed to timely make a determination as to Sierra Club's request under the FOIA within the 20 days provided by statute.  5 U.S.C. 552(a)(6)(A)(1).

24. Defendants failed to timely provide responsive documents to Sierra Club's request under the FOIA.  5 U.S.C. § 552(a)(6)(C)(i).

25. Defendants failed to timely notify the Sierra Club of any negative determination related to Sierra Club's request under the FOIA.  5 U.S.C. § 552(a)(6)(A)(i).

26. Defendants failed to provide Sierra Club with information about the status of its request, including an estimated date on which the agency would complete action on the request.  5 U.S.C. § 552(a)(7)(B)(ii)).

27. Unless enjoined, the Defendants will remain in continuing violation of the FOIA.

## Requested Relief

WHEREFORE, Sierra Club requests that this Court:

A. order Defendants to provide the requested documents in their entireties and make copies available to Sierra Club;

B. expedite proceedings in this action;

C. award Sierra Club its costs and reasonable attorney's fees incurred pursuant to 5 U.S.C. § 552(a)(4)(E)(i); and

D. grant such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: January 17, 2017

     /s/
ZACHARY M. FABISH
D.C. Bar No. 986127
The Sierra Club
50 F Street NW, Eighth Floor

Washington, DC 20009
(202) 675-7917
zachary.fabish@sierraclub.org

SUSAN WALDIE
W.Va. Bar No. 13066
Appalachian Mountain Advocates
P.O. Box 507
Lewisburg, WV 24901
(304) 645-9008
swaldie@appalmad.org

*Counsel for Plaintiff*